**IN THE COURT OF APPEALS OF IOWA**

No. 18-0600
Filed August 1, 2018

**IN THE INTEREST OF C.M.,**
**Minor Child,**

**C.M., Father,**
    Appellant.

---

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.

A father appeals the termination of his parental rights to his minor child. **AFFIRMED.**

Sharon M. Wegner (until withdrawal) of Graham, Ervanian & Cacciatore L.L.P., Des Moines, and Jamie F. Deremiah of Flanagan Law Group, PLLC, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee State.

Jane M. White of Jane M. White Law Office, Des Moines, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

The parents of the child in interest, born in 2014, have a history of substance abuse. The child and his parents came to the attention of the Iowa Department of Human Services (DHS) in July 2016 upon information that the parents were using methamphetamine while caring for the child and frequently left the child with known drug users. The father admitted to daily use of methamphetamine. The mother denied any drug use but tested positive for methamphetamine, amphetamines, and marijuana.

In August, the child was removed from the parents' care and placed in the temporary legal custody of DHS for placement in foster care. The child was adjudicated a child in need of assistance in September. Thereafter, the parents declined to engage in substance-abuse treatment and continued their use of illegal drugs. However, the father was admitted to substance-abuse treatment in November and was successfully discharged from the treatment program in January 2017. Shortly after his discharge, however, the father tested positive for drugs. The father struggled to be consistent with substance-abuse treatment and sobriety in February and March. The father did not heed the ensuing recommendation that he engage in intensive outpatient treatment. In April, however, the father engaged in regular outpatient treatment, which he successfully completed in June.

In July, the juvenile court granted the father additional time to work toward reunification, finding the child could be returned to the father's care within six months if the father completed the following:

> [A]ctively engage a sponsor and attend recovery support meetings; attend individual counseling regularly and follow recommendations; consistently attend interactions with child and engage in [Family Safety, Risk, and Permanency] services; maintain sobriety and provide drug screens as requested; actively participate in parenting classes; and maintain appropriate, suitable housing and demonstrate [an] ability to meet the child's needs.

In early November, the father pled guilty to a charge of possession of drug paraphernalia. Later that month, the father was arrested on a charge of possession of methamphetamine, third or subsequent offense, and another charge of possession of drug paraphernalia. The father was granted pretrial release from custody on the condition that he complete a substance-abuse evaluation within fourteen days and comply with any referrals. Thereafter, the father violated the terms of his release and failed to appear for his arraignment; a warrant issued for his arrest.

Before the father's legal troubles in November 2017, aside from his ongoing substance-abuse issues, there were generally no concerns about his ability to appropriately parent the child, and he was relatively consistent in attending visitations with the child. Thereafter, however, the father discontinued participating in services altogether. In its January 2018 permanency order, the juvenile court noted the current whereabouts of the father were unknown and modified its permanency goal from reunification with the father to termination of parental rights. The father failed to appear at the subsequent termination hearing. The juvenile court ultimately terminated the father's parental rights under Iowa Code section 232.116(1)(h) (2017).

The father appeals,[1] contending termination is not in the best interests of the child.[2] Our review is de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). "In considering whether to terminate the rights of a parent . . . [we] give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

The father has a history of chronic substance abuse. Although the father has been able to attain short stints of apparent[3] sobriety since the onset of this case, the record makes clear he is unable to refrain from the use of illegal substances on a permanent basis. The father's failure to attain long-lasting sobriety has a direct, negative impact on his ability to provide for this child's long-term growth and physical, mental, and emotional well-being. The father's continued drug use also illustrates his habitual willingness to put his own perceived needs before those of his child's. "We hold no crystal ball, and to some extent, the [best-interests] determination must be made upon past conduct." *In re M.M.*, No. 16-1685, 2016 WL 7395788, at *4 (Iowa Ct. App. Dec. 21, 2016). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will

---

[1] The mother's parental rights were also terminated. She does not appeal.

[2] As noted, the juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(h). The father's petition on appeal lodges a challenge to the State's establishment of the statutory grounds for termination under section 232.116(1)(*l*), a ground for termination the State's termination petition did not allege and the juvenile court did not employ in terminating the father's parental rights. Because the father does not dispute the statutory grounds for termination under paragraph (h), we need not consider the issue. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Alternatively, we deem the argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

[3] There is evidence in the record that suggests the father may have successfully manipulated drug tests throughout the life of the case.

learn to be a parent and be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *P.L.*, 778 N.W.2d at 41). "[A]t some point, the rights and needs of the children rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

The father's past behavior is instructive of his future conduct. The father was already granted an extension of time to work toward reunification with his child. That extension was rendered fruitless by the father's continued involvement with illegal substances. On the other hand, the child has been in the same pre-adoptive, foster-care placement since removal. Contrary to what the father has been able to provide, the foster parents have provided the child with stability and they are willing to continue to do so on a permanent basis. Continued stability and permanency are in this child's best interests. *See* Iowa Code § 232.116(2)(b); *cf. In re M.W.*, 876 N.W.2d 212, 224–25 (2016) (concluding termination was in best interests of children where children were well-adjusted to home with their foster parents, the foster parents were "able to provide for their physical, emotional, and financial needs," and the foster parents were prepared to adopt the children).

We agree with the juvenile court that termination is in the child's best interests. We affirm the termination of the father's parental rights.

**AFFIRMED.**